IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
|       Respondent, | | No. CR S-04-0372 JAM DAD P |
|     vs. | | |
| GARY DEWAYNE McWHORTER, | | |
|       Movant. | / | FINDINGS AND RECOMMENDATIONS |

Movant has filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Movant claims that he received ineffective assistance from his trial counsel. In opposing the motion for relief, respondent asserts that movant is procedurally barred from pursuing this relief because he expressly waived his right to appeal or collaterally attack his sentence and conviction as part of his plea agreement in the underlying action. Respondent also argues that movant's claim is without merit.

Having considered all the papers filed by the parties and the record in this action, for the reasons set forth below, the court will recommend that the motion be denied.

**PROCEDURAL HISTORY**

On September 17, 2004, a criminal complaint was filed against movant, alleging that he willfully and knowingly possessed with the intent to distribute more than 250 grams of

1

cocaine base in violation of 21 U.S.C. § 841(a)(1).  (Doc. No. 1.)  Movant's initial appearance before the court took place that same day and a preliminary hearing was scheduled for October 1, 2004.  (Doc. No. 4.)  On September 30, 2004, a federal grand jury for the Eastern District of California indicted movant on one count of violating 21 U.S.C. § 841(a)(1).  (Doc. No. 6.)  The grand jury further charged that movant committed that offense after suffering a prior conviction for a felony drug offense.  (Id.)  On October 4, 2004, movant was arraigned on the indictment, entered a plea of not guilty and a status hearing was set for October 14, 2004.  (Doc. No. 7.)

    After several status hearings, on October 13, 2005, the parties filed a plea agreement for the court's consideration.  (Doc. No. 28.)  That same day movant withdrew his previously entered plea of not guilty and entered a new plea of guilty to the charged violation of 21 U.S.C. § 841(a)(1).  (See Minutes of Oct. 13, 2005 hearing.)  In exchange for pleading guilty the government agreed to recommend that movant be sentenced to the low end of the applicable sentencing guideline range as determined by the court, to not oppose a reduction in movant's offense level based upon his full and clear demonstration of acceptance of responsibility if appropriate, and to not file a sentencing enhancement based on a prior offense.  (Doc. No. 28 at 3.)  On January 26, 2006, movant appeared before the court and was sentenced to the custody of the U.S. Bureau of Prisons for a 235-month term of imprisonment.  (Doc. No. 34.)

    On January 16, 2007, movant filed his § 2255 motion with this court to vacate, set aside, or correct his sentence on his own behalf.  (Doc. No. 37 (hereinafter "Motion").)  Respondent filed a response opposing the motion on March 15, 2007.  (Doc. No. 45 (hereinafter "Response").)  Petitioner filed a traverse, styled as "Objection to Government Response" on April 26, 2007.  (Doc. No. 47 (herein after "Reply").)

## FACTUAL BACKGROUND

    At the hearing on movant's change of plea, movant acknowledged the following factual basis for his plea:

/////

1   On September 16th of 2004, [movant] was successfully arrested pursuant to [a] successfully executed buy/bust operation. At the time of his arrest, [movant] possessed with the intent to distribute at least two hundred fifty grams of cocaine base.

The facts which led up to this arrest started on September 11th of 2004, while working with a confidential source, a meeting for a buy/bust was set up with [movant.]

During a call with the confidential source, the source indicated he wanted to purchase approximately nine ounce of cocaine base from [movant.]

On September 16th of 2004, the source placed yet another call to [movant] where [movant] agreed to meet the source at a Wendy's restaurant on Watt Avenue near I-80, in the Eastern District of California.

On the same date at approximately 7:15 p.m., [movant] was observed driving alone in a gold colored Nissan. The source was observed getting into [movant's] vehicle and engaging in conversation.

The conversation between [movant] and the source was monitored and recorded. The source asked to see the cocaine base, and [movant] pulled it out of his pants pocket. The source also asked if it was, quote, good, meaning the correct weight and correct number of ounces. [Movant] responded "Yeah, the guy weighed them all out at twenty-seven point five himself." The source then told [movant] that he would go and get the money, at which point the source gave the prearranged arrest signal, and the agents moved in to arrest [movant].

At that point . . . [movant] was observed backing out of the stall as the agents were approaching him and failed to yield to agents as they attempted to arrest him, almost running over DEA Agent Zavala.

[Movant] drove out of the lot and drove down the freeway at a hundred ten miles an hour, lost control of his vehicle at a freeway off-ramp, and spun out at the bottom of the ramp.

When [movant] got out, he tried to evade capture by running into a residential area. He was apprehended two blocks from his car.

As [movant] began his attempts to evade capture, he threw the cocaine base from his car onto the on-ramp from Watt Avenue onto I-80 westbound entrance. Special Agent Tom Bacon found the cocaine base in the same location where it was thrown. Special Agent David Parkhurst took custody of the cocaine base, met with the source, who identified the bag as the same bag [movant] pulled

3

     out of his pants pocket. The source also confirmed the man he met with in the car was [movant.]

     The substance tested positive for cocaine base, two hundred fifty grams, a Schedule II controlled substance.

(Response, Ex. 2 at 27-29.)[1]

## MOVANT'S CLAIMS

Movant alleges that he received ineffective assistance from his trial counsel. In this regard, he argues that his counsel "induced him to accept" the plea agreement by promising that the government would not seek to enhance movant's sentence based on his flight. (Motion at 19.) Movant asserts that his "flight was a natural attempt to avoid apprehension, and was not a willful attempt to impede or obstruct justice," and that his trial counsel "had no excuse for not raising" this "crucial defense." (Id. at 21.) Movant also claims that his trial counsel promised that he "would raise the issue of consolidating three state of California prior convictions pursuant to § 4A1.1. of the Sentencing Guidelines," but did not. (Id. at 19-21.)

## LEGAL STANDARD

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution of laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003). However, to be entitled to an evidentiary hearing the

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted.  United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

## ANALYSIS

As noted above, movant asserts that his trial counsel was ineffective.  Respondent argues that movant is procedurally barred from pursuing relief with respect to this claim because he expressly waived his right to appeal or collaterally attack his sentence and conviction as part of his plea agreement.  Respondent also argues that movant's claim is without merit.  The court will address the procedural bar issue below, before turning to movant's ineffective assistance of trial counsel claim.

I. Waiver of § 2255 Rights in Plea Agreement

A plea agreement is a contract and subject to contract law standards.  United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001).  In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly.  United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable.  United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir.), cert. denied, 546 U.S. 883 (2005); United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999).

Here movant expressly waived both his right to appeal and his right to collaterally attack his sentence pursuant to 28 U.S.C. § 2255.  Movant's plea agreement stated, in relevant part:

> The defendant understands that the law gives him a right to appeal his conviction and sentence.  He agrees as part of his plea however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case.  The defendant also gives up any right he may have to bring a post-conviction

1  attack on his conviction or his sentence.  He specifically agrees not
2  to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his
   conviction or sentence.

3  (Response, Ex. 1 at 8-9.)

4  Movant also verbally acknowledged at his change of plea hearing that he

5  understood he was giving up his right to appeal or attack the judgment and sentence:

6  THE COURT: Do you understand that you are giving up your right
   to appeal or to later attack, in any way, the judgment and sentence
7  in this case?

8  [MOVANT]: Yes, sir.

9  THE COURT: That means once I sentence you, that's the end of
   your case, that's the end of legal proceedings in this case.  Do you
10 understand that?

11 [MOVANT]: Yes, sir.

12 (Response, Ex. 2 at 23.)

13 It is thus apparent that movant waived both his rights to appeal and to collaterally

14 attack his sentence under 28 U.S.C. § 2255.  The Ninth Circuit Court of Appeals has found that a

15 waiver of the right to file a § 2255 motion made pursuant to plea negotiations is generally

16 enforceable.  See Washington v. Lambert, 422 F.3d 864, 869-70 (9th Cir. 2005); United States v.

17 Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  One exception, of course, is with respect to an

18 ineffective assistance of counsel claim that challenges the voluntariness of the waiver.  See

19 Washington, 422 F.3d at 870-71; see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.

20 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel

21 based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or

22 accept a particular plea bargain.").  Accordingly, movant claim for relief is procedurally barred,

23 except to the extent that he is arguing that his plea or waiver of his rights was involuntary or

24 unintelligently entered as a result of his trial counsel's alleged ineffectiveness.

25 /////

26 /////

II. Ineffective Assistance of Counsel

Movant claims that his trial counsel "induced him to accept" the plea agreement based on promises his counsel did not fulfil. (Motion at 15.) Movant alleges that his counsel told him that the government would not seek a sentencing enhancement based on his flight and that his counsel agreed to "address the issue of consolidating" three of movant's prior convictions for purposes of calculating his sentence under the U.S. Sentencing Guidelines. (Id.)

Movant argues that his trial counsel failed to object at his sentencing hearing to the application of the enhancements related to his flight despite the fact that his flight fro authorities was "for a very short duration, and amounted to nothing more than ordinary speeding." (Motion at 20.) Movant asserts that his trial counsel "had the constitutional obligation to raise this alternate defense" at his change of plea hearing. (Id. at 21.) Movant argues that there was "no indication that the chase lasted for an extended period of time, or that the freeway where the chase took place was heavily congested with other vehicles." (Id. at 23.) Movant therefore concludes that his conduct "did not warrant a two level increase" in his offense level under the guuidelines based on his flight and trial counsel was thus deficient for failing to raise this argument. (Id.)

Movant also argues that "there was no sound strategic or tactical purpose" for his trial counsel to "not investigate another crucial alternate defense, centering on the fact that three of his prior California convictions were consolidated into one matter, in the same court, and were all disposed of at the same time." (Id.) Movant claims that under this "defense, there is a reasonable probability that this court would have determined that [movant's] appropriate Criminal History Category" under the guidelines was a level IV instead of a level VI. (Id. at 24.) He asserts that "there is no conceivable reason" for his trial counsel to have failed to investigate and present "this crucial alternate defense for his client's benefit during the sentencing hearing." (Id. at 24-25.)

/////

7

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)); United States v. Span, 75 F.3d 1383, 1386 (9th Cir. 1996). Thus, under the Sixth Amendment a defendant is entitled to "a reasonably competent attorney, whose advice is within the range of competence demanded of attorneys in criminal cases." United States v. Cronic, 466 U.S. 648, 655 (1984) (internal quotations omitted). The purpose of the effective assistance guarantee is "to ensure that criminal defendants receive a fair trial." Strickland, 466 U.S. at 689. Toward that end, the Sixth Amendment requires that an accused be assisted by an attorney "'who plays the role necessary to ensure that the trial is fair.'" Frazer v. United States, 18 F.3d 778, 782 (9th Cir. 1994) (quoting Strickland, 466 U.S. at 685).

To support a claim of ineffective assistance of counsel, a movant seeking relief under § 2255 must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Movant must therefore identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id.; Wiggins v. Smith, 539 U.S. 510, 521 (2003). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689). There is in addition a strong presumption that counsel "exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, movant must affirmatively prove prejudice. Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. See also

Williams v. Taylor, 529 U.S. 362, 391 (2000); Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).  A reviewing court "'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"  Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

Here, movant claims that his trial counsel rendered ineffective assistance at his sentencing hearing.  As noted above, to support a claim of ineffective assistance of counsel, movant must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 687-88.  However, "the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context.  Consequently, there is no clearly established law in this context."  Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005).  Moreover, movant argues that he was prejudiced by his trial counsel's performance because, but for his counsel's allegedly deficient performance, movant would have received a lesser sentence.  (See Motion at 23, 26-27.)  Movant has attached to his motion a declaration in which he states, under penalty of perjury, that he only accepted the terms of the plea agreement under the belief that his defense counsel would raise the "defenses" discussed above and that "but for counsel's deficient performance" there was a reasonable probability that the result of his "sentencing hearing would have been different." (Id. at 31-32.)

However, to prevail on a claim of ineffective assistance of counsel based on the contention that his guilty plea was not knowing and voluntary, movant must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, movant would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).  Movant does not allege that but for his counsel's alleged errors, he would have not

pleaded guilty and would have instead insisted on going to trial.  Even setting these deficiencies in movant's claims aside, an examination of each finds that they are meritless.

     A.  <u>Failure to Challenge Flight Enhancement</u>

Movant asserts that his trial counsel "induced him to accept" the plea agreement by promising that the government would not seek to enhance movant's sentence based on his flight.  (Motion at 19.)  Movant argues that his trial counsel should have argued that United States Sentencing Guidelines ("U.S.S.G.") §§ 3C1.1 and 3C1.2 should not have been applied to increase movant's adjusted offense level because his "short duration high-speed chase" did not qualify as "obstruction of justice" or as "reckless endangerment during flight."[2]  (Motion at 20.)

It is hard to imagine how movant could have been "induced" to accept his plea agreement based on the assurance that the government would not seek to apply these provisions in calculating his sentence given the fact that movant stipulated, both in his written plea agreement and verbally at the hearing on his change of plea, that under the facts of his case U.S.S.G. §§ 3C1.1 and 3C1.2 were applicable.

In this regard, the plea agreement executed by movant specifically stated that:

> The parties agree that consistent with the facts as stated in "Exhibit A," during his attempt to flee the police [movant] did attempt to impede or obstruct justice, and created reckless endangerment during flight, and that therefore, U.S.S.G. §§ 3C1.1 and 3C1.2 are applicable to this case.

(Response, Ex. 1 at 6.)

At the change of plea hearing, movant also verbally acknowledged the applicability of §§ 3C1.1 and 3C1.2:

> THE COURT: Now, there's also a sentencing allegation in the indictment and that states that you recklessly created a substantial

/////

---

[2] U.S.S.G. §§ 3C1.1 and 3C1.2 each provide for a two level increase in a defendant's offense level for the obstruction or impediment of the administration of justice and for the reckless endangerment of another person in the course of fleeing from a law enforcement officers.

10

>     risk of death or serious bodily injury to another person in the
>     course of fleeing from a law enforcement officer.
>
>     And the attorneys have just said as part of the plea agreement you
>     are agreeing that that is a sentencing factor that should enhance
>     your sentence.
>
>     Do you understand that?
>
>     [MOVANT]: Yes, sir.

(Response, Ex. 2 at 22.)

Given movant's explicit and repeated acknowledgment of the applicability of U.S.S.G. §§ 3C1.1 and 3C1.2 in calculating his sentence, any objection to the application of these provisions by movant's trial counsel would have been meritless. An attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. Jones v. Smith, 231 F.3d 1227, 1239 n. 8 (9th Cir. 2000) (citing Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985)).  See also Rhoades v. Henry, 596 F.3d 1170, 1179 (9th Cir. 2010) (counsel did not render ineffective assistance in failing to investigate or raise an argument on appeal where "neither would have gone anywhere"); Matylinsky v. Budge, 577 F.3d 1083, 1094 (9th Cir. 2009), cert. denied, ___ U.S. ___ (2010) (counsel's failure to object to testimony on hearsay grounds not ineffective where objection would have been properly overruled); Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance").

Moreover, any such objection raised by counsel would not only have been meritless, it could have also endangered the plea agreement, which in turn would have unreasonably exposed movant to the possibility of an even greater sentence. Under the plea agreement entered into, the parties agreed that movant's base offense level was 34, that U.S.S.G. §§ 3C1.1 and 3C1.2 were applicable under the facts of the case, that each party could "hold the other party to [the] Plea Agreement at the time of sentencing," and that "[i]f either party later contend[ed] that the facts agreed to in this Stipulation disagree with the Sentencing Guideline

11

calculations to which the parties have agreed both parties understand that it will be the Sentencing Guideline calculations agreed upon herein which will govern[.]" (Response, Ex 1 at 6-7.) Finally, as part of this plea agreement the government agreed to recommend that movant be sentenced to the low end of the applicable guideline range.

Thus, if movant's counsel had objected to the applicability of U.S.S.G. §§ 3C1.1 and 3C1.2, as movant argues he should have, counsel would have violated the terms of the plea agreement. Without the plea agreement, the government would not have been bound to its promise to recommend that movant be sentenced "to the low end of the applicable guideline range," leaving the government free to seek the maximum possible punishment.

Under the circumstances presented here, movant's trial counsel was not deficient for failing to object to, or argue against, the application of U.S.S.G. §§ 3C1.1 and 3C1.2 as had been agreed to by movant in his plea agreement, nor was movant prejudiced by counsel's failure to do so. Accordingly, movant is not entitled to relief under 28 U.S.C. § 2255 with respect to this aspect of his claim of ineffective assistance of counsel.

B. Failure to Consolidate State Cases

Movant also argues that his trial counsel "induced" him to accept the plea agreement "by promising that he would raise the issue of consolidating three State of California prior convictions pursuant to § 4A1.1, [Application Note 3]." (Motion at 19.) Movant argues that under U.S.S.G. § 4A1.2(a), prior sentences imposed in "related cases" are to be treated as one offense for sentencing guideline calculation purposes and that prior sentences are "related" if the sentences "result from offenses that were consolidated for sentencing." (Id. at 24.)

Respondent argues that movant's reading of U.S.S.G. § 4A1.2(a) is selective in that movant excludes the first sentence of the application note to that provision which states that "sentences are not considered related if they were for offenses that were separated by an intervening arrest." (Response at 10.) Respondent argues that was the case here, since movant was arrested on three separate dates, specifically July 29, 2000; August 28, 2000; and February 2,

12

2001.  (Id.)  While movant did not address this argument in his response, he did acknowledge in his motion that his three prior California convictions were treated as separate convictions "on the basis that the cases were separated by intervening arrests."  (Motion at 24.)

> Under the sentencing guideline applicable at the time of movant's sentencing:
>
> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).

( U.S.S.G.  § 4A1.2.)  It therefore appears that movant's counsel could not argue that movant's prior sentences were related and should have been treated as one offense in computing his criminal history category.  Thus even if movant could prove that his trial counsel promised to "raise the issue," the argument that movant claims should have been advanced would have been meritless.  As note above, an attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel.  Jones, 231 F.3d at 1239 n. 8.  Moreover, movant does not assert that had he known that this argument was meritless he would have rejected the plea agreement and insisted on proceeding to trial.

Movant has failed to establish that his counsel's performance was deficient for failing to argue this issue.  Nor has movant established that he was prejudiced in any way by his counsel's failure to raise this issue.  Accordingly, movant is also not entitled to relief under 28 U.S.C. § 2255 with respect to this aspect of his ineffective assistance of counsel claim.

## CONCLUSION

For the reasons set forth above,  IT IS HEREBY RECOMMENDED that movant's January 16, 2007 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 37) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 14, 2010.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
mcwhorter372.2255